Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 5891 | DATE | 8/10/2012 |
| CASE TITLE | Alicia Flesor, et al. vs. Unisource Worldwide, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Remand to State Court [23] is granted. Defendants Motion for Judgment on the Pleadings [20] is denied as moot. The Clerk is directed to remand this case to the Circuit Court of Cook County.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiffs Alicia and Dean Flesor's ("Plaintiffs") Motion to Remand to State Court. For the following reasons, the motion is granted.

Plaintiffs filed the instant action on August 10, 2010, in the Circuit Court of Cook County alleging: (1) pregnancy discrimination/harassment under the Illinois Human Rights Act ("IHRA"); (2) retaliation under the IHRA; (3) intentional infliction of emotional distress; (4) loss of consortium; and (5) pregnancy discrimination/harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"). On September 16, 2010, Defendants Unisource Worldwide, Inc. and Elizabeth Rim ("Defendants") removed the action to federal court based on federal question jurisdiction over the Title VII claim. There was no dispute that, at the time of removal, diversity jurisdiction did not exist as both Plaintiffs and Defendant Rim were citizens of Illinois.

On October 7, 2011, Plaintiffs filed an amended complaint. The amended complaint retained the four state law claims, added a state law claim for negligent training and supervision, and dropped the Title VII claim, which was the only federal question in the case. On October 25, 2011, Defendants filed a motion for judgment on the pleadings and Plaintiffs filed the instant motion to remand. Because it raises jurisdictional issues, the Court turns to the motion to remand first.

Despite the fact that this case no longer contains a federal claim, Defendants contend that the Court should use its discretion to exercise supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a). "Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." Cortezano v. Salin Bank & Trust Co., 680 F.3d 936, 941 (7th Cir. 2012); see also Leister v. Dovetail, Inc., 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."); cf. 28 U.S.C. § 1367(c)(3). While this presumption is rebuttable, it "should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." RWJ Mgmt. Co., Inc. v. BP Prods. N. Am, Inc., 672 F.3d 476, 479 (7th Cir. 2012) (internal quotation marks and citation omitted). Nonetheless, there are certain circumstances that may displace the presumption in favor of remand, including when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort" or "when it is absolutely clear how the pendent claims can be decided." Sharp Elecs. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 515 (7th Cir. 2009) (internal quotation marks and citation omitted).

# STATEMENT

Defendants first argue that judicial economy weighs in favor of exercising supplemental jurisdiction because "the Court has exercised jurisdiction for well *over one year* and is facing critical decisions governing the action with Defendants' Motion for Judgment on the Pleadings pending." Defs.' Resp. to Pls.' Mot. to Remand 8. Defendants further note that written discovery is nearly complete and that the parties have attended multiple status hearings. This is not enough.

"Evaluating considerations of judicial efficiency and duplication of judicial effort is not just a matter of toting up months or motions or the page counts of judicial orders. Rather, concerns about judicial economy have their greatest force when significant federal judicial resources have already been expended to decide the state claims, or when there is no doubt about how those claims should be decided." RWJ Mgmt. Co., 672 F.3d at 481 (citations omitted). Contrary to Defendants' claim, remand will not lead to a "duplication of effort by the state court" because this Court has yet to rule on the merits, let alone on any issue of substance in this matter. To date, the Court has granted an unopposed motion to amend the complaint, a motion to file an oversize brief, a motion to extend a briefing schedule, and a motion for leave to appear pro hac vice, as well as held three routine status hearings and set two briefing schedules. The Seventh Circuit has upheld district court orders relinquishing supplemental claims that were much further along than this. See, e.g., id. (upholding remand of supplemental claims "just two business days before the two-week trial was scheduled to commence"); Olive Can Co., Inc. v. Martin, 906 F.2d 1147, 1153 (7th Cir. 1990) (relinquishing supplemental claims "just before trial after five years of discovery"). Judicial economy, therefore, does not weigh in favor of retaining supplemental jurisdiction.

Neither is it "absolutely clear" that the state law claims should be dismissed. Defendants have filed a comprehensive motion for judgment on the pleadings raising issues of exhaustion, timeliness, preemption, and failure to state a claim. Plaintiffs then filed, with leave of court, an oversized response that, citing to over 45 cases, disputes each of Defendants' arguments. Having yet to rule on substantive issues in this case, the Court declines to start now. Defendants' arguments for dismissal may easily be presented to the state court following remand.

Defendants also contend that Plaintiffs' motion to remand is a "transparent attempt at forum manipulation." Defs.' Resp. to Pls.' Mot. to Remand 8. In Carnegie-Mellon University v. Cohill, the Supreme Court addressed whether "a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." 484 U.S 343, 357 (1988). The Court held that, while this "concern . . . hardly justifies a categorical prohibition on the remand of cases involving state-law claims," the district court can nevertheless "consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." Id. Even if Plaintiffs engaged in manipulative tactics by dropping the Title VII claim from the case, it would not be enough, in light of the Court's extremely limited involvement in this case to date, to overcome the presumption of remand.

Finally, Defendants contend, in a footnote, that although there was not complete diversity at the time the complaint was filed, there was complete diversity at the time the amended complaint was filed because Defendant Rim had moved from Illinois to Virginia. It is well-established that, in diversity cases, complete diversity must exist at the time of filing and at the time of removal, Ross v. Seidlin, 656 F.3d 610, 621 (7th Cir. 2011), and that "[a] party's post-filing change in citizenship . . . cannot cure a lack of subject-matter jurisdiction that existed at the time of filing," Synfuel Techs., Inc. v. DHL Express (USA), Inc., 190 F. App'x 490-91 (7th Cir. 2006) (citation omitted). The Court rejects Defendants' proposed exception to this rule, see, e.g., BI3, Inc. v. Hamor, No. 08 CV 2384, 2011 WL 5023394, at *10-11 (N.D. Ill. Oct. 20, 2011) (rejecting similiar argument), especially where Defendants did not raise diversity in their removal petition, relegate the argument to a footnote in their response brief, and cite to no binding case law in support of their position.

For the foregoing reasons, this case does not warrant a departure from the presumption in favor of remand. Accordingly, Plaintiffs' motion to remand is granted. Defendants' motion for judgment on the pleadings is therefore denied as moot. The Clerk is directed to remand this case to the Circuit Court of Cook County.

IT IS SO ORDERED.